IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GREGORY SCOTT WILSON,           )
                                )
                Plaintiff,      )
                                )
        v.                      )   No. 16 C 8446
                                )
SALEH OBAISI, et al.,           )
                                )
                Defendants.     )

# **OPINION AND ORDER**

This re-filed case is before the court on the motions of defendants to dismiss based on plaintiff Gregory Scott Wilson's failure to exhaust administrative remedies and the motion of defendant Imhotep Carter to dismiss based on the statue of limitations. Jurisdiction of the court is based on Title 28 U.S.C. §§ 1331 and 1343.

On May 16, 2013, plaintiff Gregory Scott Wilson, confined in an Illinois penitentiary, submitted a complaint in Case No. 13-cv-3656 ("the 2013 case"), pursuant to Title 42 U.S.C. § 1983, alleging that the defendants Saleh Abas, M.D., Latona Williams, Imhotep Carter, M.D., Wexford Health Sources, Inc., Warden Michael Lemke and Royce Brown-Reed violated his Eighth Amendment right to be free from cruel and unusual punishment by delaying treatment for a reducible

hernia from and after September 2011. The hernia was repaired by surgery on September 10, 2014.

During April of 2013, plaintiff filed two grievances with prison authorities relating to his hernia condition, the first of which was returned without action for more information. The second was pending at the time the plaintiff filed suit in the 2013 case. His second grievance was not finally resolved until January 21, 2014 when it was denied as not being timely. Because no final administrative action had been taken when the 2013 case was filed the action was dismissed without prejudice in compliance with 42 U.S.C. § 1997e(a), the Prison Litigation Reform Act. That Act provides that no action shall be brought with respect to prison injury claims until all administrative remedies are exhausted. ***Ford v. Johnson,*** 362 F. 3d 739, 742 (7th Cir. 2008).

Defendants again contend in this action that plaintiff has failed to exhaust his administrative remedy. They state that the Administrative Appeal Board dismissed plaintiff's appeal because the appeal was not taken within 30 days after the action of the warden denying the grievance, as required by an administrative rule. The position is based on the contention that the warden denied the grievance on October 11, 2013 and that the Administrative Review Board received the appeal on December 12, 2013, a date stamped on the document. However,

plaintiff alleges that he timely signed and submitted the appeal on November 8, 2013, a date also shown on the document, and that the "mailbox rule" governing prisoner correspondence controls rather than the date of receipt by the Review Board. The mailbox rule utilizes the date of mailing by the person in confinement as the filing date rather than the date of receipt of the document. *Jones v. Bertrand,* 171 F. 3d 499, 501(7th Cir. 1999). Irrespective of whether or not the mailbox rule controls the timeliness of the appeal, the action of the appeal board denying review was final. No further action could be taken by the plaintiff. The motion to dismiss the action based on failure to exhaust administrative remedies will be denied.

Dr. Imhotep Carter, a medical director at Stateville Correctional Center, left this position in May of 2012, during the period plaintiff claims injury and violation of his rights. Federal law provides that a claim against any particular person accrues immediately when the person loses the ability to take action with respect to the claim. When a person resigns or retires from public employment the claim accrues on that date. *Heard v. Elyea*, 525 Fed. Appx. 510, 511 (7th Cir. 2013). Illinois has a two-year statute of limitations which is applicable to plaintiff's claims. This action against defendant Carter was brought more than two years after it accrued. It must be dismissed with prejudice as against him.

IT IS THEREFORE ORDERED AS FOLLOWS:

1. Defendants' motion to dismiss [12] based on plaintiff's failure to exhaust his administrative remedies is denied.

2. Defendant Imhotep Carter's motion to dismiss based on the Statue of Limitations [8] is granted. The clerk of the court will enter an order dismissing this action against defendant Carter with prejudice.

3. This case is set for hearing on status on February 16, 2017 at 2 P.M.

ENTER:

*[signature: William T. Hart]*

UNITED STATES DISTRICT JUDGE

DATED: FEBRUARY 3, 2017