IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY SCOTT WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 16 C 8446 |
| ) | |
| SALEH OBAISI, M.D., et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Gregory Scott Wilson ("Wilson"), plaintiff, began serving a 38-year sentence for murder at Stateville Correctional Center in Illinois in 1999. He alleges that from September 2011 until September 2014 defendants acted with deliberate indifference to his serious hernia medical needs in violation of his constitutional right to be free of cruel and unusual punishment. This action is brought pursuant to 42 U.S.C. § 1983. The court has jurisdiction of the subject matter and the parties. 28 U.S.C. §§ 1331 and 1343. The case is now before the court on the defendants' motions for summary judgment.

Plaintiff filed an earlier suit on May 13, 2013 (13 cv 3656) making the same claims as in this case. That action was dismissed without prejudice for failure to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a) before filing

suit. ***Ford v. Johnson,*** 362 F. 3d 739, 742 (7th Cir. 2008); ***Wilson v. Obaisi,*** 2016 WL 3640412 (N.D. Ill.). Exhaustion was complete when the administrative review of plaintiff's prison grievance was later denied on appeal as not being timely. After that action plaintiff's administrative remedies were exhausted and the present case was timely. Accordingly, defendants' motion to dismiss this action for failure to exhaust administrative remedies was denied. (Dkt. 27).

Defendant Imhotep Carter M.D. was medical director at Stateville Correctional Center from July 25, 2011 to May 13, 2012. He left that position at a time when plaintiff claims injury and violation of his rights. Federal law provides that a claim against any particular person accrues immediately and a limitations period begins to run when a person resigns or retires from public employment. ***Heard v. Elyea,*** 525 Fed. Appx. 510, 511 (7th Cir. 2013). This action was brought against defendant Carter more than two years after it accrued contrary to the Illinois two-year statute of limitations which applies to § 1983 actions. Carter was dismissed from this case. (Dkt. 27).

Also named as defendants are Wexford Health Sources, Inc., a private entity that contracts to provide health services at Stateville and two of its employees, Saleh Obaisi, M.D, who was medical director from August 2, 2012

until the present and La Tanya Williams P.A. who has been a physician's assistant at Stateville since 2002 ("the Wexford defendants").

Michael Lemke, who was warden at Stateville for the calendar year 2013 and Royce Reed-Brown, Stateville Health Care Administrator, are named as defendants.

On a motion for summary judgment, the entire record is considered with all reasonable inferences drawn in favor of the nonmovant and all factual disputes resolved in favor of the nonmovant. ***Crawford v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.***, 555 U.S. 271, 274 n.1 (2009); ***Malen v. MTD Prods., Inc.***, 628 F.3d 296, 303 (7th Cir. 2010); ***Stokes v. Bd. of Educ. of City of Chicago***, 599 F.3d 617, 619 (7th Cir. 2010). The burden of establishing a lack of any genuine issue of material fact rests on the movant. ***Ponsetti v. GE Pension Plan***, 614 F.3d 684, 691 (7th Cir. 2010); ***Outlaw v. Newkirk***, 259 F.3d 833, 837 (7th Cir. 2001). The nonmovant, however, must make a showing sufficient to establish any essential element for which he will bear the burden of proof at trial. ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322 (1986); ***Montgomery v. Am. Airlines, Inc.***, 626 F.3d 382, 389 (7th Cir. 2010). The movant need not provide affidavits or deposition testimony showing the nonexistence of such essential elements.

*Celotex*, 477 U.S. at 324; *Freundt v. Allied Tube & Conduit Corp.*, 2007 WL 4219417 *2 (N.D. Ill. Nov. 29, 2007); *O'Brien v. Encotech Constr.*, 2004 WL 609798 *1 (N.D. Ill. March 23, 2004). Also, it is not sufficient to show evidence of purportedly disputed facts if those facts are not plausible in light of the entire record. See *Lorillard Tobacco Co. v. A & E Oil, Inc.*, 503 F.3d 588, 594-95 (7th Cir. 2007); *Yasak v. Ret. Bd. of Policemen's Annuity & Benefit Fund of Chicago*, 357 F.3d 677, 679 (7th Cir. 2004); *Lampley v. Mitcheff*, 2010 WL 4362826 *6 (N.D. Ind. Oct. 27, 2010). *Id.* (citation omitted). In determining whether the nonmovant has identified a "material" issue of fact for trial, the court is guided by the applicable substantive law; "[o]nly disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." *McGinn v. Burlington Northern R.R. Co.*, 102 F.3d 295, 298 (7th Cir. 1996) (citation omitted). A factual dispute is "genuine" for summary judgment purposes only when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505 (1986). Hence, a "metaphysical doubt" regarding the existence of a genuine fact issue is not enough to stave off summary judgment, and "the nonmovant fails to demonstrate a genuine issue for

trial 'where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . .'" *Logan*, 96 F.3d at 978 (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986)).

Plaintiff's medical condition was a left-side reducible inguinal hernia. An inguinal hernia occurs when tissue or structures travel from the abdominal cavity into the inguinal canal and protrude outside of the body. The size of the hernia is related to the pain and discomfort that the hernia causes.

Plaintiff testified that he had surgery for an unrelated hernia condition in 1994.

Plaintiff states that he first complained of a hernia that developed at Stateville in 2011. He was seen by defendant LaTanya Williams P.A. of the medical staff for back and leg pain on September 28, 2011. The medical record does not show a hernia evaluation. Williams testified that she would not look at a hernia if Wilson was being seen for back and leg pain. Williams has no independent recollection of conversations with Wilson.

On January 3, 2012 plaintiff filed a grievance describing hernia pain and stated that he had submitted medical requests which had not been acknowledged.

Plaintiff was seen by Dr. Imhotep Carter, M.D. on January 26, 2012 for leg pain and a low-bunk and low-gallery assignment. Dr. Carter granted his requests and prescribed medication. Plaintiff contends that at this appointment the hernia was visible and manually reducible. According to Wilson, Dr. Carter would not consider his hernia complaints. Dr. Carter has no independent recollection of any conversations with plaintiff.

Wilson was given a physical examination by LaTanya Williams on February 21, 2012. Williams observed a hernia and recommended a treatment plan that included patient education of how to reduce the hernia and medical observation. It is undisputed that plaintiff complained of pain at that time.

During the time plaintiff was diagnosed and treated at Stateville the Medical Policies and Procedures approved by the Wexford Health Advisory Committee, dated October 21, 2011, stated:

> *Reducible hernias,* in which the herniated contents may be returned to the abdominal cavity either spontaneously or manually, generally pose no medical risk to the patient.
>
> \*   \*   \*
>
> Patients with stable abdominal wall hernias are not, in general, candidates for herniorrhaphy and will be monitored and treated with appropriate non-surgical therapy.

On April 11, 2012 plaintiff was seen by Williams. The record shows complaints of leg pain and rhinitis. No note was made with respect to a hernia.

On January 10, 2013 plaintiff was seen by Dr. Obaisi regarding renewal of medical permits. There is no recorded reference to a hernia.

On April 25, 2013 plaintiff filed grievance complaining of hernia pain and lack of treatment.[1]

Plaintiff made written requests for medical care to Dr. Obaisi during January, April and September of 2013.

On May 16, 2013 Wilson filed a *pro se* action in this court complaining, in substance, that defendants would not treat his painful hernia condition.

Plaintiff filed a medical request on August 5, 3013.

On September 16, 2013 plaintiff was scheduled for an examination in response to the grievance he submitted regarding his hernia. He was seen on September 24 without any notation being made relating to his hernia condition.

On October 31, 2013 nurse John Loerop saw Wilson. A medical note states "Inmate will be scheduled for next available RNSC regarding hernia.

---

[1] The grievance was denied by the warden as not being an emergency. Plaintiff appealed. The appeal was returned for further documentation. When renewed it was denied as not being timely.

Plaintiff was seen on December 5, and 21, 2013 with complaints of nasal congestion. No note was made concerning his hernia at the time of those examinations.

On January 13 and February 11, 2014 plaintiff was treated by Ann Davis, M.D. for throat/jaw pain.

On February 20, 2014 plaintiff sought an injunction (in case 13cv3656) to compel a surgical consultation.

On March 3, 2014 Dr. Obaisi scheduled plaintiff for a surgical evaluation. Wilson was scheduled for a consultation with a surgeon on March 27, 2014. However, the consultation did not occur because the correctional officers brought plaintiff to the appointment too late.

Plaintiff was seen by a surgeon at the University of Illinois Medical Center on August 1, 2014. Plaintiff was examined by Antonio Gangemi, M.D. a surgery consultant at the University of Illinois Medical Center. Dr. Gangemi recommended robotic assisted hernia repair. That surgery was successfully performed by him on September 10, 2014.

Dr. Gangemi and Dr. Obaisi have both testified that the proper treatment for plaintiff's hernia was surgery. Neither recommended watchful waiting.

The Wexford defendants argue that surgery was not necessary to treat plaintiff's hernia - that watchful waiting is an acceptable standard of care for a reducible hernia. Both Dr. Gangemi and Dr. Obaisi have testified that the proper treatment for painful inguinal hernia is surgery. Plaintiff will testify that he was experiencing pain. Dr. Carter did not express an opinion concerning proper treatment of plaintiff's condition. The medical testimony supports the plaintiff's contention that the proper standard of care for his hernia was surgery and not watchful waiting.

In a similar case, ***Gonzalez v. Feinerman,*** 663 F. 3d 311 (7th Cir. 2011), the Court of Appeals stated:

> On appeal Gonzalez argues that the physicians have been deliberately indifferent to his medical condition by pursuing a standard of care that they know to be ineffective. Prison physicians will be liable under the Eighth Amendment if they intentionally disregard a known, objectively serious medical condition that poses an excessive risk to an inmate's health. ***Farmer v. Brennan***, 511 U.S. 825, 837, 114 *314 S.Ct. 1970, 128 L. Ed. 2d 811 (1994); ***Lee v. Young***, 533 F.3d 505, 509-10 (7th Cir. 2008). As we have acknowledged on previous occasions, a hernia can be an objectively serious medical problem. ***See Johnson v. Doughty***, 433 F.3d 1001, 1010, 1012-14 (7th Cir.2006); ***Heard v. Sheahan***, 253 F.3d 316, 317-18 (7th Cir.2001); ***Chapman v. Keltner***, 241 F.3d 842, 846-47 (7th Cir. 2001). Gonzalez's chronic pain presents a separate objectively serious condition. ***See Grieveson v.***

Case: 1:16-cv-08446 Document #: 45 Filed: 07/19/17 Page 10 of 12 PageID #:642


*Anderson*, 538 F.3d 763, 779 (7th Cir.2008); *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir.1997).

The claim against the physicians comes down to whether Gonzalez has adequately alleged the subjective element of his deliberate-indifference claim. That Gonzalez saw a doctor does not foreclose his claim. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir.2011); *Hayes v. Snyder*, 546 F.3d 516, 524 (7th Cir.2008); *Greeno v. Daley*, 414 F.3d 645, 653-54 (7th Cir.2005). Gonzalez can prevail if the defendants' response to more than two years of complaints has been blatantly inappropriate in the face of his pain and the risk the worsening hernia poses to his present and future health. *See Roe v. Elyea*, 631 F.3d 843, 857-58 (7th Cir.2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 830 (7th Cir.2009); *Reed v. McBride*, 178 F.3d 849, 852-53 (7th Cir.1999). The defendants' response, says Gonzalez, has been to give him minimal or no medication for the ongoing pain, which is so debilitating that he cannot carry on his daily activities or sleep comfortably.

If what Gonzalez says is true, we conclude that a factfinder reasonably could infer that Dr. Feinerman and Dr. Fahim substantially departed from professional judgment by refusing to authorize surgical repair for Gonzalez's painful hernia. *See McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir.2010); *Edwards v. Snyder*, 478 F.3d 827, 831-32 (7th Cir.2007). Inguinal hernias are common among men, and approximately 750,000 surgical repairs are performed each year in the United States. See Andrew Kingsnorth, *Treating Inguinal Hernias*, 328 Brit. Med. J. 59 (2004). According to the National Institutes of Health, "surgery will usually be used for hernias that are getting larger or are painful" and is the only treatment that can permanently fix a hernia. *See* Medline Plus, *Hernia*, http://www.nlm.nih.gov/medlineplus/ency/article/000960.htm (last visited Nov. 29,

2011); *see also* Robert J. Fitzgibbons & Anita Giobbe-Hurder, *Watchful Waiting vs Repair of Inguinal Hernia in Minimally Symptomatic Men*, 295 J. Am. Med. Assoc. 285 (2006); Mayo Clinic, *Inguinal Hernia*, http://www.mayoclinic.com/health/inguinal-hernia/DS 00364 (last visited Nov. 29, 2011). While surgery can be postponed, delay is recommended only for patients with minimal or no symptoms, and then "only if the hernia can be reduced readily and completely and will remain in position despite physical activity." Kingsnorth, *supra* at 59. At the time of his complaint Gonzalez had been suffering from his hernia for almost seven years, and during the last two of those years his hernia continued to worsen, was constantly protruding, and was causing extreme pain.

The Wexford defendants also argue that the delay in providing treatment is not actionable because there was no emergency requiring immediate surgery and the medical staff was at times unaware of plaintiff's condition. When and how plaintiff complained and requested care and wether there was unreasonable delay are issues of fact to be resolved at trial. Factual issues require that the Wexford defendants' motion for summary judgment be denied.

Warden Lemke and Health Care Administrator Reed-Brown argue that plaintiff has failed to show that they had any direct knowledge of his condition, care and treatment. Plaintiff has not responded to their motion for summary judgment. Plaintiff's attorney states that he has not responded because he is awaiting plaintiff's approval of a settlement offer from defendants.

IT IS THEREFORE ORDERED AS FOLLOWS:

1. The motion of defendants Wexford Health Sources, Inc., Saleh Obasis, M.D, and La Tanya Williams, P.A. for summary judgment (Dkt. 31) is denied.

2. The motion of defendants Michael Lemke and Royce Reed-Brown for summary judgment (Dtk. 37) is continued for consideration at the next hearing on status set for Thursday, July 27, 2017 at 2:00 P.M.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: JULY 19, 2017